John P. Forest, II, VSB# 33089
Allred Bacon Halfhill & Young, P.C.
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 352-1300
*Proposed Counsel for the Debtor*

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE SHAWERMA EXPRESS, INC. )<br>)<br>Debtor ) ) | Docket Number 16-10936<br>Chapter 11 |

## SECOND
## APPLICATION FOR RULE TO SHOW CAUSE

Pursuant to 11 U.S.C. §§ 105 and 362 and Fed. R. Bankr. P. 9014 and 9020, the Debtor requests that this Court enter an rule to show cause against Johni Kattan and as grounds states:

### JURISDICTION

1. The Debtor filed a petition for relief on March 15, 2016. *See* Docket Entry No. 1.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334.

3. This is Application presents a core matter pursuant to 28 U.S.C. § 157.

### FACTS[1]

4. On March 17, 2016, the Debtor filed the Initial Application.

5. This Court held a hearing on March 28, 2016. Following the hearing, the Court directed that:

---

[1] The following recital of facts is intended to address actions which have taken place following the filing of the Application for Rule to Show Cause [Docket Entry No. 11] (the "Initial Application"). The Debtor reserves the right to rely upon any such allegations at any hearing upon this Application for Rule to Show Cause. The Debtor further reserves the right, following further investigation, and in such pleading as may be appropriate, to contend that Mr. Kattan took other actions to the detriment of the Debtor.

    (a)    Johni Kattan allow the Debtor Designee to operate the affairs of Shawerma Express, Inc. until further order of this Court;

    (b)    On March 29, 2016, Mr. Kattan turn over any cash generated through the operations of Shawerma Express, Inc.;

    (c)    On March 29, 2016, Mr. Kattan turn over the key to the premises to the Debtor Designee; and

    (d)    On March 29, 2016, Mr. Kattan turn over the POS sales terminal to any the Debtor Designee.

6.    On March 29, 2016, at approximately 9:30 a.m., during the hearing in the civil proceeding styled as *Johnie Kattan v. Dawoud Murad*; Fairfax County General District Court Docket No. GV-16003795-00 (the "Fairfax County Proceedings"), Mr. Kattan appeared and requested that his petition for the protective order be dismissed. The Fairfax County Circuit Court granted Mr. Kattan's request that the petition be dismissed.

7.    As of the time Mr. Kattan appeared before the Fairfax County General District Court, and continuing through the instant this pleading is filed, he had not:

    (a)    turned over any cash generated through the operations of Shawerma Express, Inc.;

    (c)    turned over the key to the premises to the Debtor Designee; and

    (d)    turned over the POS sales terminal to any the Debtor Designee.

8.    Demand for Mr. Kattan to take these actions had been made upon his counsel, in the form of the emails attached as Exhibits to the contemporaneous Motion for Expedited Hearing.

9.    Upon entering the premises, the Debtor Designee found records of:

    (a)    cash receipts for 03/28/16 in the amount of $292.25 and credit card charges of $1,044.38 on the same date [*See* Exhibit 1];

    (b)    cash receipts for 03/26/16 in the amount of $159.00 and credit card charges of $1,499.07 on the same date [*See* Exhibit 2];

    (c)    additional credit card charges of:

| Date: | Amount: |
|---|---|
| 03/22/16 | $ 952.84 |
| 03/23/16 | 867.70 |
| 03/24/16 | 1,182.71 |
| 03/25/16 | 1,396.76 |
| 03/27/16 | 1,049.09 |

*See* Exhibit 3.

    10.    Although there was no testimony during the hearing of March 28, 2016 as to the funds held by Mr. Kattan, the undersigned believes, based upon an average of the above values, that there should have been at least an average of $1,000 in receipts each day that Mr. Kattan was operating the store, post-petition, for a total of 14,000.[2]  This estimate is based upon an estimate as to the gross sales of Shawerma Express, Inc., and then not making any deductions for salary,[3] rent,[4] or other expenses.

    11.    At approximately 3:35 p.m. on March 30, 2016, the Debtor Designee personally observed Johni Kattan driving a dark Mercedes for door sedan past the Shawerma Express, Inc. restaurant.

    12.    At approximately 4:30 p.m, after the hearing upon the Initial Application had

---

[2] This value does not include the value of the cash or bank accounts that constituted property of the estate as of the date of the Petition for Relief.

[3] We do not make a deduction for salary because earlier this morning, Mr. Murad had a meeting with several of the employees of Shawerma Express, Inc. who each refused to return to work on the grounds that they had not been paid for the work they pad performed when Shawerma Express, Inc. was operated by Mr. Kattan.  The estimated debt owed to the employees, based upon their "claims" but without any verification is 4,000.

[4] We do not make a deduction for rent because of Mr. Kattan's testimony on March 28, 2016 that rent from January, February, and March 2016 has not been paid.

concluded, a delivery of weekly supplies to the restaurant was refused. Upon information and belief, this delivery was refused either personally by Johni Kattan or by another person acting upon his instructions.  As a result of the cancellation, there was no inventory for the debtor to operate.

13. The store was closed on March 29, 2016.  Upon information and belief, the store was closed upon the instructions of Johni Kattan.

## ARGUMENT

14. Upon the filing of a petition for relief pursuant to 11 U.S.C. § 301, the provisions of the automatic stay embodied in 11 U.S.C. § 362(a) go into effect.

15. Mr. Kattan has violated the automatic stay by:

(a) obtaining possession of and exercising control over property of the estate [the cash receipts and the balance of any bank accounts of Shawerma Express, Inc.] in violation of 11 U.S.C. § 362(a)(3); and

(b) exercising control of property of the estate [the cash receipts and the balance of any bank accounts of Shawerma Express, Inc.] in violation of 11 U.S.C. § 362(a)(3).

16. There are only two plausible explanations for Mr. Kattan's conduct: first an attempt to collect a debt he believes is owed to him by the Debtor; or, second, an attempt to either sabotage or impair the ability of the Debtor to reorganize.  Under either alternative, the actions of Mr. Kattan as set forth above, were intentional and purposeful.

17. The Debtor is entitled to entry of an order requiring Mr. Kattan to turn over any cash or other proceeds which are property of the estate.

18. Pursuant to 11 U.S.C. § 105, this Court has the authority to enter orders necessary to carry out the provisions of [11 U.S.C. §§ 101, *et seq*.].

## CONCLUSION

19. The Debtor requests that this Court enter an order finding that Mr. Kattan is in

contempt of this Court, and to the extent appropriate, setting a hearing on a date certain to provide Mr. Kattan the opportunity, if he can, to demonstrate why he should not be held in contempt of this Court.

## REQUEST FOR RELIEF

Wherefore, the Debtor requests that this Court enter an order:

(a) requiring Mr. Kattan to turn over all property of the Debtor;

(b) requiring Mr. Kattan to account for all property of the Debtor;

(c) finding that Mr. Kattan is in contempt of this Court;

(d) requiring Mr. Kattan, if he can, to show cause why he should not be held in contempt of this Court for the violations as set forth above; and

(e) granting the debtor its costs and expenses incurred in pursuit of this relief, to include an award of reasonable attorney fees; and

(f) granting the Debtor such other and further relief as may be appropriate.

Respectfully submitted by:

*/s/ John P. Forest, II*
John P. Forest, II, VSB# 33089
Allred Bacon Halfhill & Young, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: (703) 352-1300
Facsimile: (703) 352-1301
Email: jforest@abhylaw.com
*Proposed Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2016, that a true copy of the foregoing SECOND APPLICATION FOR RULE TO SHOW CAUSE was served either by ECF transmission or first class mail, postage prepaid, upon: (1) the Office of the U.S. Trustee, 115 S. Union St., 2nd Fl., Alexandria, VA 22314; (2) all registered ECF users at their address of record; and (3) all other creditors at their address on the attached Mailing Matrix [Exhibit 4]

*/s/ John P. Forest, II*
John P. Forest, II