John P. Forest, II, VSB# 33089
ALLRED BACON HALFHILL & YOUNG, P.C.
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 352-1300
*Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| _____ ) | |
| IN RE SHAWERMA EXPRESS ) | |
| ) | Docket Number 16-10936-RGM |
| Debtor-in-Possession ) | Chapter 11 |
| _____ ) | |

## PLAN OF REORGANIZATION

Shawerma Express, Inc., the Debtor and Debtor-In-Possession hereby proposes this Modified Plan of Reorganization pursuant to 11 U.S.C. § 1121(a).

## ARTICLE I - DEFINITIONS

1.01.   "Administrative Claim means a Claim that has been allowed with administrative priority under § 503 of the Code.

1.02.   "Allowed Claim" means a Claim:

(A)   If no objection to the allowance thereof has been interposed:

(i)   in the amount for which either a proof of claim has been filed with the Court within the applicable period of limitation fixed by Fed. R. Bankr. P.  3003, the Rules, or an order of the Court or, if (i) does not apply, then

(ii)   in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to Fed. R. Bankr. P.  1007(b), as such may be amended pursuant to Fed. R. Bankr. P.  1009 prior to the Confirmation Date, and not listed therein as disputed, contingent, or unliquidated.

(B)   If an objection to the allowance thereof has been interposed, within any applicable period of limitation fixed by the Code, the Rules, an order of the Court, or the Plan, in

the amount determined by the Court by a Final Order allowing the Claim.

1.03.   "Claim" has the meaning set forth in 11 U.S.C. § 101(5).

1.04.   "Code" means the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.*,

1.05.   "Confirmation Date" means the date upon which the order of confirmation has been both entered by the Court and docketed by the clerk.

1.06.   "Court" means the U.S. Bankruptcy Court for the Eastern District of Virginia.

1.07.   "Creditor" means a person holding a claim.

1.08.   "Effective Date" means the date fourteen (14) days following the Confirmation Date; provided, however, that (a) if the fourteenth day following the Confirmation Date falls on a Saturday, Sunday, legal holiday, or other day on which the Court is closed, then the Effective Date shall be on the first business day thereafter, and (b) if any act required to be performed on the Effective Date, or if any condition required to exist on the Effective Date, cannot be performed or made to exist due to the existence of a court order staying or otherwise precluding execution of the Plan or any part thereof then the Effective Date shall be fourteen (14) days after the date of entry of a Final Order nullifying, vacating, or otherwise modifying such stay to permit performance.

1.09    "Final Order" means an order of a court as to which any appeal that has been or may be taken has been resolved or as to which the time for appeal, or further appeal, or petition for a writ of certiorari, has expired.

1.10    "Order of Confirmation" means the order entered by the Court confirming the Plan.

1.11    "Person" includes an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision.

1.12    "Petition Date" means the date on which the Debtor filed its voluntary petition under chapter 11 of the Code, which was March 15, 2016.

1.13    "Plan" means this Plan of Reorganization, including any amendments or

modifications.

1.14    "Post-petition Creditor" means a person holding a claim, except that it has accrued after the Petition Date, but who has not received allowance of such Claim with administrative priority under § 503 of the Code.

1.15.    "Professional" means a Person employed as a professional in the Case.

1.16.    "Rules" means the Federal Rules of Bankruptcy Procedure, as supplemented and/or modified by the local bankruptcy rules as adopted by the Court and as they may be amended from time to time.

## ARTICLE II - TREATMENT OF CLAIMS

2.01.    Class 1:  Administrative Claims.

A.    Professionals.  There are two administrative professional claimants, John P. Forest, II [as counsel for the Debtor] and Dean Loizou [as CPA for the Debtor.  As of the Confirmation Date, the Debtor will have two such unpaid Administrative Claims: first, to Debtor's counsel; and second, to the Debtor's CPA.  These Administrative Claims will be paid in full in cash on the later of: (i) Effective Date; or (ii) the date of any order approving any such Administrative Claims.   Notwithstanding the foregoing, however, post-petition fees, costs, and disbursements to professional persons on account of services accruing prior to the Confirmation Date shall be the subject matter of applications to the Court for allowance in the manner prescribed by the Code, Rules, and applicable orders of the Court. Any professional person may apply to the Court for the interim allowance and payment of fees, costs, and disbursements at any time and from time to time, and the Debtor may pay any such interim allowances before the Effective Date after the entry of a Final Order permitting such payment.

B.    Quarterly Fees Under 28 U.S.C. 1930(a)(6).  Post-confirmation and until the entry of a Final Order closing the Case, the Debtor will continue to pay accruing quarterly fees to the Office of the U.S. Trustee.

The Class 1 Claims are unimpaired.

2.02   <u>Class 2: Priority/Tax Unsecured Claims</u>.  The Allowed Class 2 Claims shall be paid, pro-rata, in quarterly installments commencing upon the first day of the first month following the Effective Date, with interest as allowed by applicable law.  The Class 2 Claims are unimpaired.

2.03   <u>Class 3/Rent Arrearage</u>: The Allowed Class 3 Claim shall be paid in accord with any order the Court may enter in resolving the Debtor's Motion to Assume Lease.  The Class 3 Claims are unimpaired.

2.04   <u>Class 4/Unsecured Creditors</u>.  The Allowed Class 4 Claims shall be paid, pro-rata, in quarterly installments, with interest as allowed by applicable law, commencing upon the first day of the first month following the Debtor having paid the last of the Class 1, 2, and 3 claims. The Class 4 Claims are unimpaired.

2.04   <u>Class 4/Unsecured Creditors</u>.  The Allowed Class 4 Claims shall be paid, pro-rata, in quarterly installments, with interest as allowed by applicable law, commencing upon the first day of the first month following the Debtor having paid the last of the Class 1, 2, and 3 claims. The Class 4 Claims are unimpaired.

2.05   <u>Class 5/Unsecured Creditors</u>.  The Allowed Class 5 Claims shall be paid, pro-rata, in quarterly installments, with interest as allowed by applicable law, commencing upon the first day of the first month following the Debtor having paid the last of the Class 1, 2, 3, and 4 claims. The Class 5 Claims are unimpaired.

2.06   <u>Class 6/Equity Interests</u>.  The Class 6 Claims shall not received any dividend or distribution under the Plan.  The holders of the Class 6 claims shall retain their interests.  The Class 6 Claims are impaired.

<b><u>ARTICLE III - MEANS FOR EXECUTION OF THE PLAN</u></b>

The source of the funds to be distributed pursuant to the Plan will be from the Debtor's net disposable income.

**ARTICLE IV**
**CLAIMS AND DISTRIBUTION MATTERS**

4.01.   If a creditor's claim is disputed, a proof of claim must be filed no later than thirty (30) days after the Effective Date, if it has not already done so.  The proof of claim must indicate the basis of the claim and attach any appropriate documents.

4.02.   The Debtor can file objections to claims until sixty (60) days after the Effective Date but not thereafter. If no objection is filed to a filed claim, such claim shall be deemed to be an Allowed Claim as filed.

4.03.   Distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth in its allowed proof of claim or, if none, at such holder's address set forth in the schedules prepared and filed with the Court, pursuant to F.R.Bankr.P. 1007(b), or at such later address as has been made given to the Debtor in writing, pursuant to §10.01(c) of the Plan.

4.04.   If any holder's distribution is returned from the address applicable under § 10.01 of the Plan as undeliverable, then such returned distribution shall be held by the Debtor subject to the Allowed Claim of such holder. Such returned distribution shall be distributed as follows: (a) if the Debtor is notified of such holder's then current address or the holder is otherwise found within 90 days after the distribution has been returned as undeliverable, then any returned distributions (without interest) shall be delivered to the holder in accordance with § 5.02 of the Plan; but (b) all returned distributions that remain unclaimed more than 90 days after the distribution has been returned as undeliverable shall revert to the Debtor free and clear of the Allowed Claim of such holder and no further distributions shall be made to the holder whose distribution was returned, provided that Debtor shall make inquiry of the post service if the holder has given the postal service an alternative mailing address.

4.05.   Disputed, Unliquidated, and Contingent Claims.  Notwithstanding any other provision of the Plan specifying a date or time for payment or distribution hereunder, payments in respect of any claim which at such date or time is disputed, unliquidated or contingent shall not

be made until such claim becomes an Allowed Claim, whereupon such payment and distribution shall be made promptly in accordance with the Plan, as if no objection had been filed to such claim. If any claim is not allowed on such date, a reserve for such claim shall be established and held until the claim is allowed or disallowed, whereupon the reserve shall be disbursed in accordance with the Order of this Court.

## ARTICLE V - AMENDMENTS AND WAIVERS

Except as otherwise specifically set forth in the Plan, any term of the Plan may be amended and the observance of any term of the Plan may be waived (either generally or in a particular instance and either retroactively or prospectively) with the consent to such amendment or waiver by the holders of 51% of the amount of Allowed Claims affected by such amendment or waiver.

## ARTICLE VI - EXECUTORY CONTRACTS

The Debtor hereby assumes all executory contracts that have not previously been rejected. However, confirmation of this Plan is expressly conditioned upon the Debtor successfully assuming its operating lease.

## ARTICLE VIII - EFFECT OF CONFIRMATION

7.01. Upon entry of the Order of Confirmation, the provisions of the Plan bind the Debtor and all of its Creditors and equity security holders, whether or not the Claim or interest of such Creditor or equity security holder is impaired under the Plan and whether or not such Creditor or equity security holder has accepted the Plan.

7.02. Except as otherwise provided in the Plan or the Order of Confirmation, the confirmation of the Plan vests all of the property of the estate in the Debtor free and clear of all Claims, liens, and interests of Creditors and equity security holders.

7.03. The Debtor shall not be granted a discharge of any indebtedness until a separate motion seeking a discharge is filed by the Debtor after the completion of all payments required to be made under the Plan.

**ARTICLE VIII - RETENTION OF JURISDICTION**

9.01.   Upon confirmation, the Debtor shall be vested with all its property subject only to the terms of the Plan.

9.02.   The Court shall retain jurisdiction in the Case until completion of the Plan to:

(a)   classify the Claim of any Creditor and re-examine Claims that were allowed for purposes of voting, and to determine such objections as may be filed to the Claims of Creditors. The failure by the Debtor to object to or examine any Claim for purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the Claim in whole or in part.

(b)   estimate contingent or unliquidated claims.

(c)   determine all causes of action, controversies, disputes, and conflicts arising prior to the Effective Date involving either the Debtor or its assets and any other party, including but not limited to any right of the Debtor to recover assets pursuant to the provisions of the Code.

(d)   determine adversary proceedings arising under the Code seeking to avoid preferences, fraudulent conveyances, or otherwise to recover money or property for the estate. The Debtor retains the exclusive right to file such avoidance or turnover actions under the Code until 90 days after the Effective Date but not thereafter. The Debtor's failure to reference any such actions in the Plan shall not be deemed to be a waiver of the Debtor's right to pursue such actions.

(e)   remedy any defect, to cure any omission, or to reconcile any inconsistency in the Plan or in any order of the Court as may be necessary to carry out the purposes and intent of the Plan; and to interpret and enforce the terms and conditions of the Plan, including any agreement for satisfaction of an Allowed Claim.

(f)   determine the validity, extent, and/or priority of any liens against the Debtor's assets.

(g)     determine under the Code the amount of any tax, fine, or penalty relating to a tax, or any addition to a tax.

(h)     fix compensation of Professional Persons and other Administrative Claims.

(i)     modify the Plan after confirmation to the extent authorized by §§1127 and 105 of the Code.

(j)     enter a Final Order closing the Case.

9.03.   Except as provided in this Article, the Court's jurisdiction shall terminate as to the Case on the Effective Date.

9.04   Upon substantial confirmation, the Debtor intends to seek a final order from this Court, which will allow for the reopening of the case upon completion of all payments to obtain an order of discharge.

## ARTICLE IX - <u>MISCELLANEOUS</u>

10.01.  <u>Notices</u>. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by facsimile, or mailed by registered or certified mail with return receipt requested as follows:

(a)     If to the Debtor, then to John P. Forest, II, Esq., Allred Bacon Halfhill & Young, P.C., 11350 Random Hills Road, Suite 700, Fairfax, VA 22030.

(b)     If to a holder of an Allowed Claim, then at the address set forth in its allowed proof of claim or, if none, at such holder's address set forth in the schedules prepared and filed with the Court pursuant to Fed R. Bank. P. 1007(b); and

(c)     Notice shall be deemed given when received. Any Person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the Person to be charged with the knowledge of such change.

10.02.  <u>Revocation of Plan</u>.  The Debtor reserves the right to revoke and withdraw the Plan prior to entry of an Order of Confirmation. If the Debtor revokes or withdraws the Plan, or if confirmation of the Plan does not occur, then the Plan shall be deemed null and void and nothing

contained herein shall be deemed to constitute a waiver or release of any Claim by or against the

Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in

any further proceeding involving the Debtor.

10.03.  Default.  The Debtor's failure to pay when due any payment provided for by this

Plan, which failure is not cured or alternative arrangements not made within thirty (30) days after

notice of default to Debtor and his counsel, shall constitute an event of default under this Plan.

Failure to declare a default does not constitute a waiver to declare that the Debtor is in default in

the future.  Upon default in the Plan, the entire liability, together with any unpaid current

liabilities, shall become due and payable immediately.

10.04.  Reservation of Rights. Neither the filing of the Plan, nor any statement or

provision contained herein, nor the taking by any Creditor of any action with respect to the Plan

shall (a) be or be deemed to be an admission against interest; and (b) until the Confirmation Date,

be or be deemed to be a waiver of any rights which any Creditor may have against either the

Debtor, its property, or any other Creditor of the Debtor; and until the Confirmation Date all such

rights are specifically reserved. In the event that the Confirmation Date does not occur, neither

the Plan nor any statement contained herein may be used or relied upon in any manner in any suit,

action, proceeding, or controversy within or outside of the Case involving the Debtor.

10.05.  Filing Administrative Claims.  All administrative claims must be filed within sixty

(60) days of the date of confirmation of the Plan.

10.06.  Payment of Disputed Claims.  In the event an objection is filed to any claim, no

distributions shall be made on account of such claim until such claim becomes an Allowed Claim.

Respectfully submitted by:


*/s/ John P. Forest, II*
John P. Forest, II, VSB# 33089
Allred Bacon Halfhill & Young, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: (703) 352-1300
Facsimile: (703) 352-1301
Email: jforest@abhylaw.com
*Counsel for the Debtor*


## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, that a true copy of the foregoing PLAN OF

REORGANIZATION was served either by ECF transmission or first class mail, postage prepaid,

upon: (1) the Office of the U.S. Trustee, 115 S. Union St., 2nd Fl., Alexandria, VA 22314; (2) all

registered ECF users; and (3) all other creditors at their address on the attached Mailing Matrix

[Exhibit 1].


*/s/ John P. Forest, II*
John P. Forest, II