## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **SHAWERMA EXPRESS, INC.** | Case No. 16-10936 (BFK) |
| **Debtor.** | |

### CONSENT ORDER ON MOTION FOR LEAVE TO ASSUME LEASE

This matter is before the Court on the Motion for Leave to Assume Lease (the "Motion") (Docket No. 70), pursuant to which the debtor and debtor-in-possession, Shawerma Express, Inc. (the "Debtor"), seeks entry of an order by the Court, *inter alia*, approving the assumption of that certain unexpired lease (the "Lease") of non-residential real property commonly known as Fairfax Court located in Fairfax, Virginia (the "Premises"), by and between the Debtor and WP Glimcher Inc., as managing agent for the owner of the property, ("Landlord"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the relief requested, as approved herein, is in the best interests of the Debtor and its estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue if proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and it appearing that the Debtor and Landlord have reached an agreement, as set forth herein, with respect to the proposed assumption of the Lease and the Motion; and the Court being otherwise sufficiently advised; and after due deliberation and sufficient cause therefor:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Debtor is authorized to assume the Lease, and the Lease will be deemed assumed by the Debtor as of the date of entry of this Order; *provided, however,* such assumption of the Lease *is subject to* the Debtor paying all Post-Petition Amounts (defined herein) and Cure Amounts (defined herein).

3. The Debtor shall pay to the Landlord, on or before the date of entry of this Order, all post-petition amounts (the "Post-Petition Amounts") arising under the Lease through the date of entry of this Order, including, but not limited to, July rent in the amount of $3,847.81 and any related interest or late fees ("July Charges").

4. Pursuant to section 365(b) of the Bankruptcy Code, the Debtor is directed to and shall pay the agreed upon remaining cure amounts of $9,294.40 (the "Cure Amounts")[1] to Landlord in connection with the assumption of the Lease, on the following terms:

   a. The Debtor shall pay Landlord the Cure Amounts by making payments to Landlord of $3,098.13 per month over a period of three (3) consecutive months (the "Cure Payments").

   b. The first Cure Payment shall be paid by the Debtor to Landlord on or before August 15, 2016, with each following Cure Payment to be paid by the Debtor to Landlord on or before the 15th day of each respective month thereafter.

   c. If the Debtor fails to make any Cure Payment by the 25th day of the respective month in which such Cure Payment is due (the "Default"), any remaining Cure Amounts due by the Debtor to Landlord at such time shall be accelerated, without notice or demand by Landlord, and shall become

---

[1] The Cure Amounts are comprised of $8,294.40 in pre-petition amounts due under the Lease for December 2015, January 2016, February 2016, and March 2016 plus $1,000.00 for reimbursements of certain attorneys' fees incurred by Landlord in connection with this chapter 11 case. For the avoidance of any doubt, the Cure Amounts are in addition to the July Charges, as well as any other post-petition amounts arising under the Lease through the date of entry of this Order and which are to be paid by the Debtor to Landlord prior to entry of this Order.

2

        immediately due and payable by the Debtor to Landlord, with interest accruing at the statutory judgment rate of interest until paid in full.

    d.  If the Debtor fails to pay in full the remaining Cure Amounts within ten (10) days of the Default and the Debtor's bankruptcy case is still pending, the Lease will be deemed rejected under section 365(d)(4) of the Bankruptcy Code and the Debtor shall immediately surrender the Premises to the Landlord, all without further order of the Court. Upon rejection, the Landlord will have thirty (30) days to file a claim for damages as a result of the rejection.

    e.  If the Debtor fails to pay in full the remaining Cure Amounts within ten (10) days of the Default and the Debtor's bankruptcy case is closed, the Lease will be deemed terminated and the Debtor shall immediately surrender the Premises to the Landlord, all without further order of the Court.

5.    Except as otherwise set forth herein, upon payment in full of the Post-Petition Amounts and Cure Amounts, Landlord's proof of claim will be deemed satisfied and expunged without further order of the Court.

6.    Subject to paragraph 2 of this Order, and except as otherwise set forth herein, payment of the July Charges and Cure Amounts by the Debtor in accordance with the provisions of this Order shall be in satisfaction of any amounts arising under the Lease prior to the date of entry of this Order; *provided*, *however*, notwithstanding the foregoing and further notwithstanding anything otherwise to the contrary in this Order, the Debtor shall remain responsible for any and all continuing obligations under the Lease, *cum onere*, in accordance with the terms of the Lease, including, without limitation: (a) obligations to pay year-end adjustment amounts and reconciliations, whether accruing before or after the date of entry of this Order; (b) any other obligations under the Lease that have accrued prior to the date of entry of this Order but are not yet

billed, fixed, liquidated or payable; and (c) indemnity and defense obligations, regardless of whether events or circumstances that give rise to such indemnity and defense obligations occurred before or after the date of entry of this Order.

7. This Order shall be binding on any subsequent chapter 11 or chapter 7 trustee who may be appointed in this case or any succeeding chapter 7 case. Nothing contained in any subsequent order of this Court or any court of competent jurisdiction (including without limitation, an order authorizing the sale of assets pursuant to sections 363, 365, or any other provision of the Bankruptcy Code) or any order entered after any conversion of a chapter 11 case of the Debtor to a case under chapter 7 of the Bankruptcy Code or any chapter 11 plan confirmed in the Debtor's bankruptcy case or any order confirming any such plan shall nullify, alter, conflict with, or in any manner derogate the provisions of this Order, and the provisions of this Order shall survive and remain in full force and effect. The terms of this Order shall control to the extent of any conflict or derogation with respect to the foregoing.

8. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: Jul 27 2016

/s/ Brian F. Kenney
United States Bankruptcy Judge

We consent to the entry of this Consent Order on Motion for Leave to Assume Lease.

Entered on Docket: July 27, 2016

We ask for this:

| **CHRISTIAN & BARTON, LLP** | **ALLRED BACON HALFHILL & YOUNG, PC** |
|---|---|
| /s/ Augustus C. Epps, Jr. | /s/ John Paul Forest |
| Augustus C. Epps, Jr., Esq. (VSB 13254) | John Paul Forest, II, Esq. |
| 909 East Main Street, Ste. 1200 | 11350 Random Hills Road, Ste. 700 |
| Richmond, Virginia 23219 | Fairfax, Virginia 22030 |
| Tel: 804-697-4100 | Tel: 703-352-1300 |
| Fax: 804-697-6112 | Fax: 703-352-1301 |
| Email: aepps@cblaw.com | Email: jforest@abhylaw.com |
| and | **Counsel to Debtor** |

**FROST BROWN TODD LLC**
Ronald E. Gold, Esq., (Ohio Bar No. 0061351)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: 513-651-6800
Fax: 513-651-6981
Email: rgold@fbtlaw.com

**Counsel to WP Glimcher Inc.**

## CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1(C)(1)

Pursuant to Rule 9022(C)(1) of the Local Rules of Bankruptcy Procedure for the Eastern District of Virginia, the undersigned counsel hereby certifies that this Order has been endorsed by and/or served upon all necessary parties.

/s/ John P. Forest, II
John P. Forest, II, Esq.

## PARTIES TO BE NOTICED

Shawerma Express, Inc.
11280 James Swat Circle
Fairfax, Virginia 22030

Judy A. Robbins
Office of the U.S. Trustee – Region 4-R
701 East Broad St., Ste. 4304
Richmond, Virginia 23219

John Frankel
Office of the U.S. Trustee
115 South Union Street, Ste. 210
Alexandria, Virginia 22314

Dawoud Murad, Esq.
11280 James Swart Circle
Fairfax, Virginia 22030

John Paul forest, II, Esq.
Allred Bacon Halfhill & Young, PC
11350 Random Hills Road, Ste. 700
Fairfax, Virginia 22030

Gregory H. Counts, Esq.
Tyler, Bartl, Ramsdell & Counts PLC
300 North Washington Street, Ste. 202
Alexandria, Virginia 22314

0028924.0638468  4853-3062-0725v2