John P. Forest, II, VSB# 33089
Allred Bacon Halfhill & Young, P.C.
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 352-1300
*Counsel for the Debtor*

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE SHAWERMA EXPRESS, INC. ) | |
| ) | Docket Number 16-10936 |
| Debtor ) | Chapter 11 |
| ) | |

**THIRD
APPLICATION FOR RULE TO SHOW CAUSE**

Pursuant to 11 U.S.C. §§ 105 and 362 and Fed. R. Bankr. P. 9014 and 9020, the Debtor requests that this Court enter an rule to show cause against Johni Kattan ("Respondent") and as grounds states:

**JURISDICTION**

1. The Debtor filed a petition for relief on March 15, 2016. *See* Docket Entry No. 1.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334.

3. This is Application presents a core matter pursuant to 28 U.S.C. § 157.

**FACTS**

4. After the Debtor had filed an Application for Rule to Show Cause [Docket Entry No. 11] (the "Initial Application"), this Court held a hearing on March 28, 2016.

5. After the Debtor had filed another Application for Rule to Show Cause [Docket Entry No. 37] (the "Second Application"), this Court held a hearing on March 31, 2016.

6. After entry of these orders,[1] on October 30, 2016 at approximately 5:25, p.m.,

---

[1] The following recital of facts is intended to address actions which have taken place following the filing of the Initial Application and the Second Application. The Debtor reserves

Respondent and three accomplices entered the Debtor's premises and forcibly made there way through a customers of the Debtor, forcibly made his way through employees of the Debtor, disconnected and removed the cooking equipment for the Debtor, and removed approximately $550 in cash from the Debtor's cash register.

7. Declarations from two of the Debtor's employees are attached to this pleading as Exhibits 1 and 2.

8. The restaurant is now closed and cannot operate.

## ARGUMENT

9. Upon the filing of a petition for relief pursuant to 11 U.S.C. § 301, the provisions of the automatic stay embodied in 11 U.S.C. § 362(a) go into effect.

10. Mr. Kattan has violated the automatic stay by:

   (a) obtaining possession of and exercising control over property of the estate [the cash and the restaurant equipment] in violation of 11 U.S.C. § 362(a)(3); and

   (b) exercising control of property of the estate [the cash and the restaurant equipment] in violation of 11 U.S.C. § 362(a)(3).

11. There are only two plausible explanations for Mr. Kattan's conduct: first an attempt to collect a debt he believes is owed to him by the Debtor; or, second, an attempt to either sabotage or impair the ability of the Debtor to reorganize. Under either alternative, the actions of Mr. Kattan as set forth above, were intentional and purposeful.

12. The Debtor is entitled to entry of an order requiring Mr. Kattan to turn over any cash or other proceeds which are property of the estate.

13. Pursuant to 11 U.S.C. § 105, this Court has the authority to enter orders necessary to carry out the provisions of [11 U.S.C. §§ 101, *et seq*.].

---

the right to rely upon any allegations appearing in either the Initial Application of the Second Application in the course of any hearing upon this Application for Rule to Show Cause.

## CONCLUSION

14. The Debtor requests that this Court enter an order finding that Mr. Kattan is in contempt of this Court, and to the extent appropriate, setting a hearing on a date certain to provide Mr. Kattan the opportunity, if he can, to demonstrate why he should not be held in contempt of this Court.

15. The Debtor further requests that this Court enter an order providing for the immediate return of all property removed on October 30, 2016.

## REQUEST FOR RELIEF

Wherefore, the Debtor requests that this Court enter an order:

(a) requiring Mr. Kattan to turn over all property of the Debtor;

(b) requiring Mr. Kattan to account for all property of the Debtor;

(c) finding that Mr. Kattan is in contempt of this Court;

(d) requiring Mr. Kattan, if he can, to show cause why he should not be held in contempt of this Court for the violations as set forth above; and

(e) granting the debtor its costs and expenses incurred in pursuit of this relief, to include an award of reasonable attorney fees; and

(f) granting the Debtor such other and further relief as may be appropriate.

Respectfully submitted by:

*/s/ John P. Forest, II*
John P. Forest, II, VSB# 33089
Allred Bacon Halfhill & Young, P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: (703) 352-1300
Facsimile: (703) 352-1301
Email: jforest@abhylaw.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2016, that a true copy of the foregoing THIRD APPLICATION FOR RULE TO SHOW CAUSE was served either by ECF transmission or first class mail, postage prepaid, upon: (1) the Office of the U.S. Trustee, 115 S. Union St., 2nd Fl., Alexandria, VA 22314; and (2) all registered ECF users at their address of record.

*/s/ John P. Forest, II*
John P. Forest, II